UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY SMITH o/b/o
T.L.J., a minor,

    Plaintiff,                                                    Civil Action No. 16-CV-11520

vs.                                                          HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER REJECTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on Magistrate Judge Mona K. Majzoub's October 13, 2016, Report and Recommendation ("R&R"), in which she recommends that the Court dismiss the complaint for plaintiff's failure to prosecute and her failure to comply with two of the magistrate judge's orders. For the following reasons, the Court shall reject the R&R.

Plaintiff, who is representing herself without an attorney, has brought this action under 42 U.S.C. § 405(g) to challenge defendant's decision denying the applications she filed on behalf of her son for Supplemental Security Income and child's disability insurance benefits. An Administrative Law Judge held a hearing in July 2014 (Tr. 35-69) and issued a decision denying benefits in September 2014 (Tr. 13-29). This became defendant's final decision in February 2016 when the Appeals Council denied plaintiff's request for review (Tr. 3-5).

Shortly after defendant filed an answer to the complaint, the magistrate judge issued a standard scheduling order setting deadlines for the filing of plaintiff's motion for summary judgment (August 23, 2016), defendant's response and cross motion for summary judgment

(September 23, 2016), and plaintiff's reply (September 30, 2016). Plaintiff did not file a summary judgment motion, and on September 13, 2016, the magistrate judge issued an order requiring plaintiff to show cause why the complaint should not be dismissed for her failure "to comply with the scheduling order." Plaintiff did not respond to the show cause order. In her R&R, the magistrate judge recommends that the Court dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) "for failure to comply with the Court's orders and for failure to prosecute." R&R at 2.

The Court rejects this recommendation. As this Court has held at least twice previously, dismissal for lack of prosecution in a social security disability case is inappropriate because the plaintiff in such a case is not required to do anything at all except to "file a timely complaint seeking judicial review of the administrative decision." *Wright v. Comm'r of Soc. Sec.*, No. 09-CV-15014, p. 5 (E.D. Mich. Dec. 27, 2010) (rejecting a magistrate judge's recommendation that the Court dismiss the complaint for lack of prosecution because plaintiff failed to file a summary judgment motion). *See also Drake v. Comm'r of Soc. Sec.*, No. 14-CV-12686 (E.D. Mich. Mar. 14, 2016) (same). In *Wright*, the Court cited *Kenney v. Heckler*, 577 F. Supp. 214, 216 (N.D. Ohio 1983), for its statement that

> as § 405(g) does not require the filing of motions or briefs for the Court to render a decision on the merits, the failure to file such motions cannot be the basis of a dismissal for failure to prosecute. Stated another way, once the plaintiff has filed a complaint stating his grounds for appeal from the Secretary's decision, he has done all that is required of him by § 405(g). Further, once the Secretary has filed a transcript of the record, all that is required by § 405(g) of both parties has been done.

Therefore, it would be improper for the Court to dismiss the complaint in this matter merely because plaintiff declined to accept the magistrate judge's invitation to file a summary judgment motion. Since the Court may not order the plaintiff in a social security disability case to file such a motion,

it may not punish her for failing to do so or for failing to explain why she has not done so. Nor may the Court in such a case dismiss the complaint for lack of prosecution when, as here, the plaintiff exercises her right to take no action after filing the complaint for review of the administrative decision. Accordingly,

IT IS ORDERED that the magistrate judge's October 13, 2016, R&R is rejected.

IT IS FURTHER ORDERED that the magistrate judge's September 13, 2016, show cause order is vacated.

IT IS FURTHER ORDERED that both parties may, if they wish, submit summary judgment motions (not to exceed 25 pages in length) by November 14, 2016. Neither party is required to file such a motion, and the Court will review the matter and render a decision whether they do so or not.

IT IS FURTHER ORDERED that the order of reference in this matter is vacated.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 14, 2016
    Detroit, Michigan

3